DANIEL P. CALDERWOOD *v.* JACK BENDER
(10539)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued February 3—decision released March 29, 1983

---

*M. Hatcher Norris,* for the appellant (defendant).

*Mary E. Holzworth,* with whom was *Jackson T. King, Jr.,* for the appellee (plaintiff).

PARSKEY, J. This case involves a claim for damages caused by the installation of inadequate and defective septic tank systems. Judgment was rendered for the plaintiff and the defendant has appealed. The defendant assigns error in the trial court's finding that the failure of the septic tank systems was proximately caused by the defendant's negligence. The defendant also claims that the amount of damages awarded was erroneous because it was based on an improper standard. We find no error.

The court found the following facts: On or about April 1, 1978, the plaintiff entered into two building contracts, one with Michael Pankiw and the other with Carmelo Franco, to build for each of them a dwelling on the property each owned. The lots of the owners were adjoining and located on Village Hill in the town of Lebanon. Each agreement obligated the plaintiff to install a septic system in connection with the construction of the residences.

Sometime in May, 1978, the plaintiff contacted the defendant, a licensed septic installer, and asked him if he could put in a septic system at the rear of each house and how much it would cost. The defendant replied that he could but that he had

to consult the town sanitarian. About a week later the defendant stated he would put the systems in for $2400. The plaintiff then told the defendant to put them in and when they were completed the contract price was paid. At that time, the plaintiff had very little knowledge about installation of septic systems and relied on the defendant to put in a reliable system in accordance with the state public health code.

The septic system on the Franco lot began to overflow and cause offensive odors in the early fall of 1978 and the septic system on the Pankiw lot began to overflow and cause offensive odors in February, 1979. The plaintiff complained to the defendant in each instance. On May 9 and May 21, 1979, the plaintiff sent the defendant letters demanding that the septic systems be corrected. The defendant ignored each letter. Thereafter, the plaintiff hired James Burns to remedy the situation at a cost of $5412. The old systems had to be ripped out and new systems installed. Burns used thirty-seven loads of fill and nine loads of loam for one lot and twenty-nine yards of fill for the other lot in installing the septic systems.

When the defendant contracted to do the jobs in May, 1978, he relied on the opinion of the town sanitarian as to the size and layout of the systems. There was a brook to the rear of the two lots in question. After consultation with the sanitarian, the defendant, on the Franco lot, instead of laying out the system according to the state code, "squeezed" the lines so that the three lines running from the distribution box were closer to each other than the state code permitted. After consultation with the town sanitarian, he also installed one tank nearer to the dwelling than the code permitted.

While digging the trench on the Franco lot, ground water appeared in the trench but he continued with the installation of the systems.

In the fall of 1979, the defendant did examine the Franco system but no corrective measures were taken. When the defendant was notified of the failure of the Pankiw septic system he requested a Mr. Schur of the state health services to investigate. Schur's opinion, based on percolation tests made on each lot, was that a plan by an engineer would be necessary as the properties in their present condition were unsuitable for sewage disposal. An engineer engaged by the defendant testified to the same effect. The accuracy of their opinion was, however, put into doubt because of the location of the holes for the percolation tests upon which they relied; the plaintiff's witnesses testified that it was inappropriate to dig test holes between the brook and the septic system's leeching fields. The engineer's opinion was based solely on Schur's report and the assumption that the systems were installed according to the state code.

In July, 1979, Manuel Cardoza, Jr., the principal sanitarian of the state department of health, upon inspection of the Franco and Pankiw septic systems, found that in both cases the systems were not only poorly constructed but that the distribution boxes, tile lines and trenches were in a number of instances installed in violation of the provisions of the public health code. It was his opinion that the septic failure was due to poor workmanship and the violation of the code.

The trial court found that the defendant was negligent in the execution of his contract with the plaintiff, that such negligence resulted in the failed

systems in question, and that the cost of correcting the faulty systems was $5412. It rendered judgment accordingly.

"The existence of a duty of care is an essential element of negligence. . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." *Coburn* v. *Lenox Homes, Inc.*, 186 Conn. 370, 375, 441 A.2d 620 (1982). A builder is under a duty to exercise that degree of care which a skilled builder of ordinary prudence would have exercised under the same or similar conditions. Id., 381; *Scribner* v. *O'Brien, Inc.*, 169 Conn. 389, 400, 363 A.2d 160 (1975). The defendant was and held himself out to be a licensed septic installer. The plaintiff, on the other hand, had very little knowledge about installation of septic systems and relied on the defendant to put in a reliable system in accordance with the state public health code. The defendant undertook to install an adequate septic system on each lot and he failed to do so. Not only did he breach the code but the systems, when exposed in July, 1979, revealed the poor workmanship of their installation which had resulted in their failure. Although the defendant disputes this conclusion, the trier's conclusion, which finds support in the evidence, must stand. *Coburn* v. *Lenox Homes, Inc.*, supra, 386.

The trial court was also correct in assessing damages. The defendant was under a duty to install adequate septic systems. He negligently failed to do so. The cost of correcting this faulty situation, as reflected in the repair bill, may be utilized as

proof of the measure of the plaintiff's loss proximately resulting from the defendant's negligence. *Scribner* v. *O'Brien, Inc.,* supra, 405.

There is no error.

In this opinion the other judges concurred.