[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (MOTIONS FOR SUMMARY JUDGMENT)
Defendants, Butler and Frances Andrus, move for summary judgment contending no genuine issue of material fact exists, regarding whether the value of shares of Ten Hartford Avenue, Inc. stock in issue exceed the debt owed.
Defendant, Masonic Charity Foundation, moves for summary judgment claiming plaintiff has failed to allege a cause of action for negligence or breach of a fiduciary duty and so is entitled to judgment on counts five and six.
The following facts are alleged in the pleadings, affidavits and documents. The plaintiff, Donald Andrus ("plaintiff"), acting administrator of the estate of his mother, Mabel B. Andrus, deceased, and his sister, Arlene Andrus Wiggins ("Arlene"), are the natural born children of Mabel Andrus ("Mabel"). Codefendants Butler Andrus ("Butler") and his wife Frances Andrus ("Frances") are the stepson and stepdaughter-in-law of Mabel Andrus. Codefendant Masonic Charity Foundation (the "foundation") operates the Masonic Home and Hospital in Wallingford, Connecticut.
On August 16, 1968, Mabel was admitted to the Masonic Home and Hospital ("the home"), as a resident to receive continuing care for the remainder of her life. On October 28, 1968, pursuant to the regular application for admission to the home, Mabel signed an instrument whereby she transferred, conveyed and assigned all of her property to the care of the foundation in exchange for their agreement to provide her with medical care and living facilities at the home for the remainder of her life. The property that Mabel transferred to the foundation included some 1300 shares of Ten Hartford Avenue, Inc. ("the corporation") stock which represented a minority interest of approximately 20% in that corporation. Ten Hartford Avenue, Inc. is a closely held corporation in, which Butler and Frances owned an 80% interest. CT Page 538 The principle asset of this corporation in 1988 was land and buildings which comprised a shopping center located at Ten Hartford Avenue in Granby, Connecticut.
The instrument which transferred Mebel's property to the foundation provided options for the disbursement of any assets which were not depleted at the time of her death. Mabel selected the option which provided that any remaining balance was to be paid and transferred to her legal heirs.
Mabel resided in and was cared for by the home until her death on April 24, 1974. Sometime in 1970 the assets which Mabel had assigned to the home, with the exception of the 1300 shares of the corporation, had been depleted. The foundation contacted Donald, Arlene, Butler and Frances Andrus to inform that Mabel's assets had been depleted. The foundation still held the 1300 shares of stock but was unable to liquidate them. At the time of her death, over $21,000 was owed to the home for services rendered to Mabel. The only asset which remained to satisfy this debt was the 1300 shares of stock in the corporation. The foundation again contacted Butler, the plaintiff, and Arlene in an attempt to liquidate these shares so that the proceeds could be used to offset the outstanding debt. However, attempts to liquidate this asset remained unsuccessful. From 1970 to 1988 no offer was ever received for these shares.
In 1988, Frances, who was at this time president and manager of the corporation, contacted Mr. Herbert Emanuelson, Jr., an attorney who represented the foundation, regarding the 1300 shares and the outstanding debt for the services rendered by the home to Mabel. Frances offered to pay the principle amount of the debt in exchange for the 1300 shares held by the foundation. This was the first offer the foundation had received for this stock and the terms were accepted. On August 26, 1988, Mr. Emanuelson received $21,479 from Frances and in return gave her the 1300 shares in the corporation. In December 1988, Frances and Butler, as majority shareholders in the corporation, sold the shopping center located at Ten Hartford Avenue for approximately $2.1 million.
Plaintiff, as acting administrator of his mother's estate, filed a complaint against Butler, Frances, and the Masonic Charity Foundation. Counts one through four of the complaint, as to Butler and Frances, sound in fraud, conversion, unjust enrichment and conversion, unjust enrichment and breach of fiduciary duty. Counts five and six, as to the foundation, allege negligence and breach of fiduciary duty. The foundation subsequently cross-claimed against Butler and Frances Andrus for fraudulent misrepresentation and for indemnification. The foundation then moved for summary judgment as to counts five and six claiming that the plaintiff had failed to allege a cause of action in negligence CT Page 539 and breach of fiduciary duty. Butler and Frances answered the foundation's cross-claim and thereafter moved for summary judgment as against the plaintiff for failure to allege a cause of action in that the plaintiff failed to prove that the value of the shares of stock exceeded the debt owed to the foundation at the time of Mabel's death.
Codefendants Butler and Frances contend that plaintiff has failed to allege a cause of action in all counts against them. They argue that in order for the plaintiff to prevail on any of these counts he must prove that the value of the shares of stock in Ten Hartford Avenue, Inc., at the time of Mabel's death, exceeded the debt owed to the Masonic Foundation. Butler and Frances have submitted in support of their motion of copy of Mabel's application for admittance in the Masonic home, indicating her ownership of 1300 shares of stock in the corporation; a copy of the instrument transferring her assets to the home in consideration for her care by the home: an affidavit by Mary Lou Strom, assessor for the town of Granby, Conn., stating that the assessed full fair market value of the property located at Ten Hartford Avenue, Granby, Conn. was $237,500 on October 1, 1974, the year of Mabel's death; an affidavit of the defendant, Frances, as president of Ten Hartford Avenue, Inc., stating the financial standing and net value of the corporation in 1974, with an attached financial statement of the corporation for year ending November 30, 1974; a copy of portions of the transcript of the deposition of the plaintiff; and a copy of the mortgage note on Ten Hartford Avenue, Inc.
Plaintiff, in support of his objection to defendants' motion for summary judgment, filed a memorandum of law with an attached affidavit, also from Mary Lou Strom, the assessor for the town of Granby, Conn., stating that the assessed market value of the property at Ten Hartford Avenue, in 1971, was $237,500 and, in 1977, was $501,030.00. Plaintiff contends that since the market value of the property at Ten Hartford Avenue increased by $264,030 through the period 1971 to 1977, a question of fact exists as to the market value of the property in 1974 and whether the value of the stock at Mable's death exceeded the debt owed to the foundation.
"`Fair market value is a question of fact." State v. Goggin,208 Conn. 606, 618 (1988). "In assessing the value of property the trier arrives at his own conclusions by weighing the opinions of the appraisers, the claims of the parties, and his own general knowledge of the elements going to establish value, and then employs the most appropriate method of determining valuation" Turgeon v. Turgeon, 190 Conn. 269, 274 (1983). Because the primary asset of Ten Hartford Avenue, Inc., is the property located at Ten Hartford Avenue, the market value of that property CT Page 540 is material to the value of the corporation and thereby the value of the corporation's stock. The defendants, Butler and Frances, have not satisfied their burden of clearly establishing that the value of the stock at Mabel's death did not exceed the debt owed. Specifically, they have not established the value of the property located at Ten Hartford Avenue, Granby, Conn., and thereby the value of the 1300 shares in the corporation, Ten Hartford Avenue, Inc. Therefore, genuine issues of material fact exist.
Codefendant Masonic Foundation contends that plaintiff has not sufficiently alleged a cause of action for negligence in count five of his complaint, and for breach of fiduciary duty in count six. In support of the motion, the foundation has submitted a copy of portions of the deposition of the plaintiff; the affidavit of Curtis A. Milton, Vice President for finance and administration at the foundation; a copy of Mabel's application for admittance to the home; a copy of the instrument used by the foundation, transferring Mabel's property to the foundation; a copy of the foundation's list enumerating Mabel's assets at the time of her admission to the home; copies of correspondence by the foundation to the plaintiff, Arlene, and Butler Andrus; a copy of correspondence to Attorney Emanuelson and another to Butler from the foundation; copies of portions of the deposition of Frances; copies of correspondence to Butler from Herb Emanuelson; and a copy of portions of the deposition of Attorney Emanuelson.
The defendant foundation argues in support of the motion that plaintiff has failed to allege or establish a duty of care owed by the defendant home in count five of his complaint and therefore is entitled to summary judgment as to that count. The essential elements of negligence are a duty, breach of that duty, causation, and damages. Doe v. Manheimer, 212 Conn. 748, 755 (1989). "The existence of a duty is a question of law." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 171 (1988). A duty "may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Calderwood v. Bender, 189 Conn. 580, 584 (1983). Defendant had a duty to use reasonable care in the disbursement of the assets held by the foundation and remaining after Mabel's death.
Once a duty is found to exist "the trier of fact [must] then determine whether the defendant violated that duty in the particular situation in hand." Gordon, supra at 171. A genuine issue of fact exists regarding whether the defendant breached its duty of care. Furthermore, issues of negligence are ordinarily not susceptible to summary judgment adjudication. Fogarty v. Rashaw, 193 Conn. 442, 446 (1984). "A conclusion of negligence or freedom from negligence is ordinarily one of fact. (citation CT Page 541 omitted). The trier must determine whether in his own opinion, the defendant's actions meet the standards of conduct for one of reasonable prudence." Amendola v. Geremia, 21 Conn. App. 35, 37
(1990). Summary judgment is not appropriate.
The foundation further contends that plaintiff, in count six of his complaint, failed to allege a cause of action for breach of fiduciary duty. "A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." Dunham v. Dunham, 204 Conn. 303, 322 (1987). The existence of a fiduciary or other confidential relationship is a question of fact. Id. at 320. There is a question of fact as to whether a fiduciary relationship existed between defendant foundation and the plaintiff.
The defendant's argument that the plaintiff's cause of action is time barred under the applicable statute of limitations in unavailing as the defendant has not specially pleaded the statute of limitations. The general rule is that when the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered procedural and is deemed waived unless it is specially pleaded. Oricelli v. Powers,197 Conn. 9, 15 (1985).
Accordingly, there are genuine issues of material fact in issue and therefore summary judgment as to all defendants is denied.
STUART M. SCHIMELMAN, JUDGE