[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT ROBERT ROSELUND'S D/B/A EVERGREEN LANDSCAPE MOTION FOR SUMMARY JUDGMENT
The plaintiff alleges that she slipped and fell on an accumulation of ice on a parking lot at the Waterford Professional Complex on February 12, 1988. In the third count of her complaint she alleges that the defendant Robert Roselund, d/b/a Evergreen Landscape, had a contract to remove snow and/or ice from the aforesaid premises. The plaintiff alleges that her injuries were caused by the negligence of the defendant Roselund.
The defendant Roselund moves for summary judgment on the grounds that there are no genuine issues of material fact and that, as a matter of law, he owed no duty to the plaintiff under the circumstances existing on the day of her fall.
The defendant Roselund has submitted portions of transcripts of the deposition testimony of: the plaintiff; William White, the property manager for the subject premises; Dr. Desiderato, a tenant of the premises and former member of the board of directors of the condo association; and the defendant Roselund. The plaintiff has submitted a portion of the transcript of the defendant, a copy of the National Oceanic and Atmospheric Administration Data Report, showing that on February 12, 1988, Groton registered 1.57 inches of precipitation; and a copy of the February 19, 1988 Board of Directors meeting for the condo association, noting that there had been complaints about ice in areas that do not get much sun.
The evidence submitted by the defendant and not refuted by the plaintiff supports the following conclusions: that the defendant Roselund had a contract with Boyer Realty Management to remove snow from the subject premises (White deposition at p. 9); that under the terms of the contract, the defendant Roselund was to plow when there was two inches of snow on the ground and was to spread sand and salt on hazardous areas after he finished plowing (White deposition at pp. 10-11); that other than during snowstorms when there was CT Page 1700 at least two inches of snow, the defendant was not to provide any services unless called by Boyer Management (White deposition at pp. 51-52); that the defendant plowed the premises on February 4, 1988 when it snowed and that there was no other precipitation until February 12, 1988 when it rained (White deposition at pp. 45-46; Roselund deposition at pp. 12-13); and that Boyer Management did not call the defendant Roselund to sand or salt on February 12, 1988 (White deposition at p. 47; Roselund deposition at p. 20).
"`Negligence is a breach of a duty.'" Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 171 (1988) (citations omitted). "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Calderwood v. Bender, 189 Conn. 580, 584 (1983). The existence of a duty owed to the plaintiff is a question of law to be determined by the court. Gordon, 208 Conn. at 171. If the court finds that the defendant owed no duty to the plaintiff, summary judgment in favor of the defendant is appropriate. See Shore v. Stonington, 187 Conn. 147 (1982).
"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Daily v. New Britain Machine Company,200 Conn. 562, 568 (1986); see also Rawling v. New Haven,206 Conn. 100, 104 (1988). While the party moving for summary judgment has the burden of proving the non-existence of disputed issues of fact, once evidence is thus presented, it is not rebutted by the bald assertion that an issue of fact does exist. Daily, 200 Conn. at 569.
The plaintiff has not rebutted the evidence submitted by the defendant establishing the terms of his contractual duty to sand and salt the subject premises, and establishing the non-existence of either of the two conditions which would have obligated him to sand and salt on the day of plaintiff's fall (i.e., a snowstorm with more than two inches accumulation or being called by Boyer Management). Consequently, the Court finds that the defendant Roselund owed no duty to the plaintiff and, therefore, defendant Roselund's motion for summary judgment is hereby granted.
HURLEY, J. CT Page 1701