[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (#105)
FACTUAL BACKGROUND
On May 21, 1992, the plaintiff, Habibun Nisa, who is a franchisee, independent contractor, lessee, sublessee and/or assignee of the defendant, Dairy Mart, Inc., filed a five count complaint against the defendants, Dairy Mart, Inc. and Rocklen, Inc. In the first count, the plaintiff alleges that James Overbaugh, who is a servant, employee, and/or agent of the defendant, Dairy Mart, Inc., negligently ordered the plaintiff to remove heavy barrels filled with concrete from the premises which resulted in injury to her. The plaintiff alleges that she told Mr. Overbaugh that the barrels were too heavy for her, but Mr. Overbaugh coerced her to immediately remove the barrels stating that if she did not do so he would have her franchise terminated. The plaintiff further alleges that the defendant, Dairy Mart, Inc., negligently failed to instruct, educate, train, monitor, and/or supervise its agents or employees so they would not order franchisees, independent contractors, and/or lessees to do tasks which are beyond their physical capacity, not within their responsibility, unnecessary, and/or harmful to their health. The first count also alleges that the defendant, Dairy Mart, Inc., and/or James Overbaugh negligently failed to remove the barrels themselves.
The second and third counts allege the same facts except that the second count is against the defendant, Dairy Mart, Inc., and the third count is against the defendant, Rocklen, Inc. In both counts the plaintiff alleges that the defendants had a duty to maintain the premises in a reasonably safe condition for the plaintiff who was a business invitee, franchisee, lessee, sublessee and/or assignee of the defendants. The plaintiff further alleges that the defendants violated that duty by permitting the dangerous barrels to remain on the premises.
The fourth count is against both defendants. In the fourth count, the plaintiff alleges that the barrels left on the premises are highly dangerous and constitute a private nuisance to the plaintiff.
The fifth count sounds in false imprisonment. The plaintiff alleges that James Overbaugh's conduct was designed to confine the CT Page 3007 plaintiff until she moved the barrels and the defendant, Dairy Mart, Inc., is liable for the wrongful activities of its employee and/or agent.
On October 23, 1992, the defendants filed a motion to strike all of the counts of the plaintiff's complaint on the grounds that each count fails to allege sufficient facts to sustain a cause of action.
On January 21, 1993, the plaintiff filed a memorandum in opposition to the defendants' motion to strike. The plaintiff argues that each count sufficiently alleges facts to support a cause of action.
Oral argument on the defendants' motion to strike was heard on March 22, 1993.
DISCUSSION
The purpose of a motion to strike is to challenge the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike is the proper method to test the legal sufficiency of a count in a complaint. Practice Book 152(1). In ruling on a motion to strike, the trial court is limited to the facts alleged in the pleadings and the grounds specified in the motion. Maloney v. Conroy, 208 Conn. 392, 394, 545 A.2d 1059 (1988); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions . . . stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 109, 491 A.2d 368 (1985). The allegations in the pleadings are construed in the light most favorable to the nonmoving party. Gordon, supra, 170. Thus, if the fact provable under the allegations of a pleading would support a defense or a cause of action, the motion to strike must fail. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 218-219, 520 A.2d 217 (1987).
A. FIRST AND SECOND COUNTS
The first and second counts are addressed to the defendant, Dairy Mart, Inc., only. The defendants argue that in the first and second counts the plaintiff fails to allege that the defendant, Dairy Mart, Inc., owed a legal duty to the plaintiff. The defendants contend that if the barrels were too heavy for the CT Page 3008 plaintiff, then she should have used her common sense and refused to pick them up. The plaintiff argues that she has alleged sufficient facts to indicate that there is a legal duty between the parties.
Both the plaintiff and defendants cite to Neal v. Shield, Inc., 166 Conn. 3, (1974). The court in Neal stated that
 [w]here there is no legal duty, there can be no actionable negligence. Unless some relationship exists between the person injured and the defendant, by which the latter owes a duty to the former, there can be no liability for negligence. . . . Connecticut law has paralleled the Restatement view in applying the broad rule that the duty to exercise reasonable care arises whenever the activities of two persons come so in conjunction that the failure by one to exercise that care is likely to cause injury to the other.
(Citations omitted.) Id., 12. "The existence of a duty is a question of law. Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Citations omitted.) Shore v. Stonington, 187 Conn. 147, 151-52, 444 A.2d 1379 (1982). "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Calderwood v. Bender, 189 Conn. 580, 584,457 A.2d 313 (1983), quoting Coburn v. Lenox Homes, Inc., 186 Conn. 370,375, 441 A.2d 620 (1982).
Here, the plaintiff has alleged sufficient facts in her complaint to establish that the plaintiff and defendant, Dairy Mart, Inc., had a relationship in which a legal duty arose. The plaintiff alleges that she is a franchisee, independent operator, lessee, sublessee and/or assignee of the defendant, Dairy Mart, Inc. (Complaint, First Count, para. 1). The plaintiff also alleges that Dairy Mart, Inc. by virtue of its operation, has control and manages the subject premises. (Complaint, First Count, para. 2). The plaintiff alleges that Dairy Mart, Inc. renovated the premises and left the cement-filled barrels on the premises. (Complaint, First Count, para. 4). The plaintiff then alleges that an agent or employee of Dairy Mart, Inc. ordered her to move the barrels even after she told him they were too heavy for her. CT Page 3009 (Complaint, First Count, paras. 5-8). These same facts are alleged in the plaintiff's second count. (Complaint, Count Two, paras. 1-8).
The foregoing allegations sufficiently allege a legal relationship in which a duty arose and the defendant should have known that forcing the plaintiff to move the barrels would cause her injury. Thus, the plaintiff has sufficiently alleged a legal duty in the first and second counts of the complaint and the defendants' motion to strike the plaintiff's first and second counts must be denied.
B. THIRD COUNT
Apparently, the defendants have misread the third count of the plaintiff's complaint. Count Three, paragraph 9 incorporates paragraph 9 of Count Two, not paragraph 9 of Count One. Since the defendants misread the third count, they argue that the defendant, Rocklen, Inc., does not have a duty to the plaintiff because it has no responsibility to train, supervise, and/or monitor Mr. Overbaugh.
The third count does not allege that Rocklen, Inc. has a duty to crain, supervise, and/or monitor Mr. Overbaugh. Instead, the plaintiff alleges that the defendant, Rocklen, Inc., owned the premises and therefore had a duty to maintain the premises in a reasonably safe condition for the plaintiff who was a business invitee, franchisee, lessee, sublessee and/or assignee of the defendant, Dairy Mart, Inc. (Complaint, Count Three, paras. 2, 9). Thus, the plaintiff sufficiently alleges a legal duty in the third count and the defendants' motion to strike the plaintiff's third count must be denied.
C. FOURTH COUNT
The plaintiff's fourth count attacks both defendants on the theory of private nuisance. The defendants argue that the fourth count should be stricken because the plaintiff has failed to allege that the plaintiff was injured in relation to a right she enjoys by means of her ownership in the land.
"A private-nuisance exists only where one is injured in relation to a right which he [or she] enjoys by reason of his [or her] ownership of an interest in land. [This] includes all injuries to an owner or occupier in the enjoyment of the property of which he [or she] is in possession, without regard to the CT Page 3010 quality of the tenure." (Citations omitted.) Couture v. Board of Education, 6 Conn. App. 309, 314, 505 A.2d 432 (1986).
The plaintiff has alleged that she was injured in relation to a property right. Count Four alleges
 [s]aid condition of failing to remove and leaving heavy construction barrels on the premises was highly dangerous and the creation, existence or maintenance on the defendants Rocklen, Incorporated and Dairy Mart, Inc.'s premises was a nuisance to the plaintiff . . . as a franchisee and/or independent operator and/or lessee and/or sublessee and/or assignee of the defendant Dairy Mart and Rocklen, Incorporated and others rightfully using said premises and was suffered and permitted to exist on said premises by the defendants prior to May 12, 1990 and for a long time previous thereto and up until the time of said incident and injury.
The plaintiff has sufficiently alleged that she was injured in relation to a property right in the premises and therefore the defendants' motion to strike the plaintiff's fourth count must be denied.
D. FIFTH COUNT
The fifth count of the plaintiff's complaint alleges the intentional tort of false imprisonment as against the defendant, Dairy Mart, Inc. The defendants argue that 1) the plaintiff must allege more than mere mental compulsion to sustain an action sounding in false imprisonment; and 2) the plaintiff fails to allege how Dairy Mart, Inc. is to be held accountable for the actions of Mr. Overbaugh.
False imprisonment is the unlawful restraint by one person of the physical liberty of another. Lo Sacco v. Young, 20 Conn. App. 6,19, 564 A.2d 610 (1989).
 More specifically it is any act directly or indirectly confining another within boundaries fixed by the defendant for any time whatever, however short, irrespective of whether harm is caused, if:
a. The act is designed to confine the other. CT Page 3011
b. The other is conscious of the confinement.
 c. The confinement is not consented to or is otherwise not privileged.
D. Wright J. Fitzgerald, Connecticut Law of Torts (2d ed.) 12, p. 13. "In the case of false imprisonment there usually must be more than mental compulsion." Id. However, "[i]n a substantial number of cases false imprisonment was found where one's freedom of motion was surrendered because of force directed against valuable property, [such] as where a woman remained in a store because her purse was taken. . . ." Prosser Keeton, Torts (5th ed.) 11, p. 50.
In Count Five the plaintiff has sufficiently alleged a cause of action sounding in false imprisonment. The plaintiff alleges
 9. Mr. Overbaugh stood directly over and exercised his dominion over the plaintiff and did not and would not leave until [she] attempted to move the barrels.
 10. This action by Mr. Overbaugh confined and was designed to confine the plaintiff until she moved or attempted to move the barrels.
 11. The plaintiff was conscious of this confinement and did not consent to said confinement.
(Complaint, Count Five, paras. 9-11). Thus, the plaintiff has alleged more than mental compulsion by stating that the defendant's agent "stood directly over" and "exercised his dominion over [her]." In addition, the plaintiff has alleged that the defendant's agent coerced her to move the barrels by telling her that if she did not do so he would have her franchise terminated. (Complaint, Count Five, para. 6). This threat could be construed to be "force directed against valuable property." Therefore, the plaintiff has alleged the necessary elements of false imprisonment.
The defendants' second argument that the fifth count fails to allege how Dairy Mart, Inc. is to be held accountable is also without merit. The plaintiff has alleged how Dairy Mart, Inc. is to be held accountable for the actions of Mr. Overbaugh. The plaintiff alleges that "Mr. Overbaugh was at all times mentioned herein an employee and/or agent and/or servant of Dairy Mart acting within the scope of his employment and/or agency." (Complaint, Count Five, para. 8). Even if "the act of an agent or servant for CT Page 3012 lack of good judgment or proper discretion . . . has gone beyond the strict line of his duty . . . [this] does not relieve the master from liability." 32 Am.Jur.2d 51, p. 111-12. Accordingly, the plaintiff has alleged sufficient facts in her fifth count to sustain a cause of action sounding in false imprisonment and therefore the defendants' motion to strike the plaintiff's fifth count must be denied.
CONCLUSION
For the foregoing reasons, this Court finds that the plaintiff has alleged sufficient facts in her complaint to support a cause of action as to each count. Therefore, the defendants' motion to strike each count of the plaintiff's complaint is denied.
So ordered.
Michael Hartmere, Judge