[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
CT Page 303-F
The defendant moves to strike all three counts of the plaintiff's revised complaint.
The plaintiff, J. Richard Brookes, filed a revised three-count complaint against the defendant, New Haven Savings Bank, on August 15, 1996 (dated "August 7, 1994").
Count one arises out of the defendant's honoring nine (allegedly) forged checks in the course of a seven-month period in 1992 (see Revised Complaint count one, ¶¶ 3-12), payment for which exceeded $100,000 and was charged to the plaintiff's savings account at the defendant bank, and the defendant's subsequent failure to credit the plaintiff's account for the money paid out on the forged checks upon the plaintiff's request. (See Revised Complaint, count one, ¶¶ 13-15.) The underlying legal theory for count one is unclear, but the count essentially uses Practice Book Form 304.60, which cross-references General Statutes §§ 42a-4-401, 42a-4-406, and 42a-3-406, as a template. The second count incorporates by reference the factual allegations contained in count one, paragraphs 1-11 and 13-15. It alleges negligence for failing to detect the forgeries; (see Revised Complaint, count two, ¶ 12(a)-(b), 12(f)); for failing to CT Page 303-G supervise or train employees about the detection and avoidance of honoring forged instruments; (see Revised Complaint, count two, ¶ 12(c)-(e)); and for honoring the forged checks. (See Revised Complaint, count two, ¶ 12(a).)
The third count alleges a CUTPA violation for honoring forged checks on nine different occasions without the plaintiff's authority; (see Revised Complaint, count three, ¶¶ 3-6); for failing to credit the plaintiff's account with the amount the defendant paid out on the forged checks; (see Revised Complaint, count three, ¶¶ 7, 9(d)); and for conversion/wrongful withholding of the plaintiff's money. (See Revised Complaint, count three, ¶ 9(e).) The plaintiff alleges that these acts violate CUTPA because they "offend public policy as it has been established by statute, the common law, custom and practice for documentary credits and generally accepted concepts of fairness"; (see Revised Complaint, count three, ¶ 10); and are unethical. (See Revised Complaint, count three, ¶ 11).
The defendant filed a motion to strike all three counts of the plaintiff's revised complaint on September 5, 1996, accompanied by a supporting memorandum of law. The plaintiff filed a memorandum in opposition to this motion to strike on September 13, 1996. The defendant filed a reply memorandum to the plaintiff's memorandum in opposition on October 15, 1996. CT Page 303-H
A motion to strike is the appropriate manner in which to challenge the legal sufficiency of a complaint or any count therein. Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181
(1993). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Med. Sys., Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). In ruling on a motion to strike, the court must view the facts alleged in the light most favorable to the nonmoving party; Kararco v. T.J.E., Inc.,2 Conn. App. 294, 298 n. 4, 478 A.2d 257 (1984); while also recognizing that "it is of no moment that the [moving party] may not be able to prove his allegations at trial." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, 39 Conn. Sup. 129,132, 471 A.2d 679 (1983).
Counts One Two
The defendant argues that counts one and two of the plaintiff's revised complaint fail because the Uniform Commercial Code (UCC) provides the exclusive remedy for the unauthorized honoring of forged checks. Counts one and two of the plaintiff's revised complaint, the defendant contends, sound in common law "wrong-doing" and negligence, and make no reference to the UCC. Moreover, the defendant notes that, even if the counts arise CT Page 303-I under the UCC, the plaintiff fails to allege that his own conduct did not contribute to the alleged forgery as required under General Statutes § 42a-3-406. In its reply memorandum, the defendant further argues that counts one and two are duplicative of each other and should be stricken on this ground.
The plaintiff counters alternatively that (1) the UCC only displaces those common law actions which are contradictory to the UCC, and (2) under General Statutes § 42a-3-406 the burden of establishing the plaintiff's own negligence rests with the defendant, whereas the plaintiff has the burden of establishing the defendant's lack of ordinary care.
Although this court could inquire as to whether counts one and two provide sufficient notice of an underlying UCC claim, this court need not and does not delve into this procedural issue[1] to resolve the present motion, but rather analyzes the counts under a theory of common law negligence.[2]
This court has explicitly held, under nearly identical factual circumstances involving the cashing of forged checks, that the UCC does not displace common law negligence actions. SeeLeaksealers v. Connecticut National Bank, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 517952 (June 20, 1995, Hennessey, J.) ("the UCC provisions for CT Page 303-J fraud do not displace the plaintiff's common law claims for negligence"); Van Der Werff v. Shawmut Bank, N.A., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 554654 (November 20, 1996, Lavine, J.) (holding that the UCC does not displace negligence actions "in the absence of a clear indication from our Appellate or Supreme Court" to the contrary).
"At common law, to sustain a cause of action in negligence, the court must determine whether the defendant owed a duty to the plaintiff . . . Negligence cannot be predicated upon the failure to perform an act which the actor was under no duty or obligation to perform . . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Internal quotation marks omitted.) Leaksealers v. Connecticut NationalBank, supra, citing Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 44-45, 492 A.2d 219 (1985); Calderwood v. Bender,189 Conn. 580, 584, 457 A.2d 313 (1983). "A duty to handle [its] checks with ordinary care" arose between the defendant and the plaintiff in the present case based on the "special relationship [which] exist[s] between the parties, namely that of banker and customer." Leaksealers v. Connecticut National Bank, supra. See CT Page 303-K also Van Der Werff v. Shawmut Bank, N.A., supra.
Determining that a duty existed between the plaintiff and the defendant does not stop this inquiry as to the legal sufficiency of counts one and two. To survive a motion to strike, counts one and two must not only allege that a duty existed, but that the defendant was negligent in the exercise of such duty. Construing the facts alleged in count one in the light most favorable to the plaintiff, the facts alleged do not sufficiently demonstrate negligence on the defendant's part in the exercise of its duty to handle the plaintiff's checking account with care. Instead, count one merely makes allegations that the defendant honored forged checks and refused to credit the plaintiff's account for the amount of the forged checks. Had the plaintiff incorporated by reference the factual allegations in count two, paragraph twelve, concerning negligence in the detection of forgeries, or in the supervision or training of employees in the detection of forgeries, count one would be legally sufficient. In the absence of such factual allegations, count one is stricken.
Construing the facts alleged in count two in the light most favorable to the plaintiff, however, yields a different result. Count two sufficiently alleges facts, which, if proven, demonstrate the negligent exercise of the defendant's duty in order to support a cause of action for common law negligence. See CT Page 303-LLeaksealers v. Connecticut National Bank, supra (holding that similar alleged facts gave "rise to a cause of action for negligence"). Accordingly, the defendant's motion to strike count two is denied.[3]
Count Three
As to count three, the defendant contends that the plaintiff failed to allege sufficient facts to support a claim for a CUTPA violation. The plaintiff argues that the defendant's honoring nine alleged forged checks in seven months constitutes a business practice which violates public policy and is unethical. The plaintiff also argues that he has sufficiently alleged a substantial injury as required under CUTPA based on the alleged improper debiting of his account for an amount exceeding $100,000.
The Connecticut Supreme Court has held that banks are not exempt from CUTPA. See Normand Josef Enterprises, Inc. v.Connecticut National Bank, 230 Conn. 486, 521, 646 A.2d 1289
(1994) (holding that the banking industry is covered by CUTPA).
Nevertheless, the facts alleged in the third count are not sufficient to support a claim for a CUTPA violation. The plaintiff merely alleges nine instances where the plaintiff's CT Page 303-M endorsement was forged, the defendant paid the forger the amount on the check, and the defendant failed to reimburse the plaintiff for the amount improperly debited. Such facts are insufficient to rise to the level of a CUTPA violation. The plaintiff's contentions that such actions offend public policy or are unethical are mere legal conclusions, upon which relief cannot be granted. See Leaksealers v. Connecticut National Bank, supra;Dwyer Products v. Lafayette Bank Tr., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 263041 (February 6, 1991, Maiocco, J.) (holding that similar factual allegations and legal conclusions were insufficient to support a CUTPA claim).[4] Accordingly, count three of the plaintiff's revised complaint is stricken.
Mary R. Hennessey, Judge