[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Jason Cohen, brings this action in two counts against the defendants, WHGR, Inc. and Sean M. Scraba, both doing business as Husky's Fine Food Drink. CT Page 12216
On the evening of October 31, 1997, and the early morning hours of November 1, 1997, the plaintiff was a patron at Husky's Fine Food Drink, an establishment in which alcoholic beverages are served, located at 29 King Hill Road, in Mansfield.
That evening, one Wesley R. Michaud was also a patron at Husky's Fine Food Drink. An argument erupted between the plaintiff and Michaud, at which time the plaintiff claims that Michaud screamed vulgarities, appeared unbalanced, and was slurring his words.
Michaud was asked to leave the premises by employees of Husky's Fine Food Drink, and its Permittee, Sean M. Scraba.
The plaintiff states, in his deposition, that as Michaud was being escorted from the bar, he was loud, angry, and directing threats of bodily injury toward Jason Cohen.
Michaud is described as a large individual, approximately 6 feet 3 inches tall, and 230 pounds.
According to the plaintiff, Michaud left the bar at approximately 12:30 a.m. on November 1.
At closing time, Jason Cohen left the establishment and was walking along C Project Service Road, when he was allegedly assaulted by Michaud.
The assault occurred a short distance from Husky's Fine Food Drink.
The plaintiff initiated this action to recover for injuries allegedly sustained in the assault.
In count one, he alleges that the defendants served alcoholic beverages to Michaud when he was intoxicated, in violation of §30-102 of the Connecticut General Statutes, the "Dram Shop Act."
In his revised complaint of November 11, 1998, Jason Cohen claims in a second count that the defendants' employees were negligent in one or more of the ways alleged.
The plaintiff claims that the defendants failed to contact the police following Michaud's removal from the premises, and CT Page 12217 failed to warn Jason Cohen that he was in danger of being harmed by Michaud upon leaving the premises.
It is further argued that the defendants failed to establish procedures and guidelines to follow in removing patrons from the premises, failed to properly train and supervise their employees, and did not have sufficient personnel available to control unruly patrons.
The defendants have moved for summary judgment as to count two, claiming that no duty was owed by them to the plaintiff, Jason Cohen.
 STANDARD OF REVIEW
A trial court may appropriately render summary judgment when documentary and other evidence demonstrate that no genuine issue of material fact remains between the parties, and the moving party is entitled to judgment as a matter of law. Bartha v.Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983); Daily v.New Britain Machine Co., 200 Conn. 562, 568 (1986).
Connecticut Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law."
A material fact has been defined as a fact which will make a difference in a result of the case. Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578 (1990).
In deciding a motion for summary judgment, the trial court must view all the evidence in the light most favorable to the nonmoving party. Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202 (1995). The burden is on the moving party to show quite clearly what the law is, and that it excludes any real doubt as to the existence of any genuine issue of material fact.Fogarty v. Rashaw, 193 Conn. 442, 445 (1984); Yanow v. TealIndustries, Inc., 178 Conn. 262, 268 (1979).
The test to be applied is whether the party seeking summary judgment would be entitled to a directed verdict. United Oil Co.v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969). CT Page 12218
 THE DEFENDANTS OWED A DUTY TO THE PLAINTIFF, JASON COHEN
The defendants argue in support of their motion for summary judgment that because the assault occurred on C Project Service Road, and not on the grounds of Husky's Fine Food Drink, no duty is owed to Jason Cohen.
The existence of a duty is a question of law. Only if a duty is found to exist may the trier of fact determine whether a violation of the duty has occurred. Zamstein v. Marvasti,240 Conn. 549, 558 (1997); Petriello v. Kalman, 215 Conn. 377, 382
(1990).
In order to prevail in a cause of action in negligence, a plaintiff must prove the existence of a duty, a breach in of the duty, causation, and actual injury. Calderwood v. Bender,189 Conn. 580, 584 (1983).
The initial inquiry must therefore focus upon whether the defendants owed a duty of care to the plaintiff, Jason Cohen.
Duty is a legal conclusion about the relationships between individuals which is made after the fact. The nature of the duty and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. RKConstructors, Inc. v. Fusco Corp. , 231 Conn. 381, 385 (1994);Clohessy v. Bachelor, 237 Conn. 31, 45-46 (1996).
In determining the existence of a duty, it is necessary to satisfy a two-fold analysis: (1) was the harm to the plaintiff reasonably foreseeable; and (2) as a matter of policy, should the responsibility of the defendants extend to such results. Zamsteinv. Marvasti, supra, 558.
To satisfy the first prong, the test to be applied is, would the ordinary person, in the defendants' position, knowing what they knew or should have known, anticipate that harm of the general nature of that suffered by the plaintiff, was likely to result unless due care was exercised. Jaworski v. Kiernan,241 Conn. 399, 405 (1997); Frankovitch v. Burton, 185 Conn. 14, 20-21
(1981).
Virtually all harms are "foreseeable," with the unerring CT Page 12219 assistance of twenty-twenty hindsight. Lodge v. Arett SalesCorp. , 246 Conn. 563, 575 (1998).
It is therefore possible to conclude that Michaud's boisterous threats to inflict physical injury on the plaintiff, coupled with his consumption of alcohol, rendered the assault which occurred later that morning foreseeable.
However, simply because a particular injury to a particular plaintiff is foreseeable is not enough to create a duty of care.Waters v. Autuori, 236 Conn. 820, 827 (1996); Jaworski v.Kiernan, supra. 406.
It must next be determined whether the fundamental policy of the law should extend responsibility to the defendants for the plaintiff's injury. RK Constructors, Inc. v. Fusco Corp. , supra, 386.
The resolution of this question requires the court to draw an admittedly amorphous line, beyond which the law will not impose legal liability. Lodge v. Arett Sales Corp. , supra, 578.
The facts presented here, construed most favorably to the plaintiff, demonstrate that the line has not been crossed.
Husky's fine Food Drink is an establishment with a permit to sell alcoholic beverages.
"Bouncers" are hired by the management to remove patrons who become disruptive, or are likely to engage in violent behavior.
Husky's Fine Food Drink is located near a college campus where "blowing off steam" is expected, if not encouraged.
It is not unusual for an intoxicated or semi-intoxicated individual to become violent and to threaten injury to the person or property of another.
In this instance, Michaud is not alleged to have uttered or generally unspecified threats directed at anyone within earshot.
His threats to inflict bodily injury were directed toward a specific person, the plaintiff, Jason Cohen.
It cannot be said that the harm visited upon Jason Cohen was CT Page 12220 so remote that it could not have been expected or anticipated, even without the benefit of hindsight.
The facts presented here are distinguished from Lodge v.Arett Sales Corp. , supra (alarm company not liable for collision resulting while firemen responded to a false alarm, when collision resulted from defective brakes); Jaworski v. Kiernan, supra (no liability against one participant in a contact sport for negligently inflicting injury upon a co-participant); orWaters v. Autuori, supra (promulgation of accounting standards insufficient to impose duty running to an unknown third party).
Nolan v. Morelli, 154 Conn. 432 (1967), cited by the defendants in support of their motion for summary judgment, does not offer any assistance to them.
That case specifically recognized a cause of action based upon the failure of a restaurant proprietor to exercise reasonable care in the supervision of the conduct of patrons.Nolan v. Morelli, supra, 440-41.
It should be noted that simply because a duty is found to exist, does not inevitably require a finding that the acts or omissions of the defendants, as alleged in count two, were the proximate cause of Jason Cohen's injuries.
A causal relation between the defendants' conduct and the plaintiff's injury must be established, and the plaintiff bears the burden of proving that the defendants' conduct was a substantial factor in bringing about any or all of his injuries.Boehm v. Kish, 201 Conn. 385, 390-391 (1986).
Conclusions regarding proximate cause are properly drawn by the jury, as the trier of fact, and not by the court. Doe v.Manheimer, 212 Conn. 748, 757 (1989).
The defendants' motion for summary judgment as to count two, is denied.
Radcliffe, J.