[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On October 29, 1999, the Plaintiff Philip Schonberger, filed a four count revised complaint against the Defendant, Citicorp Mortgage, Inc. (CMI). The complaint alleges a compromise agreement (agreement) into which the parties entered in 1998. Pursuant to the alleged agreement, Schonberger agreed to pay the shortfall on a mortgage payoff balance of $42,619.96 due to CMI, CT Page 3131 after CMI's receipt of the net proceeds from the sale of certain real property located in Virginia. The complaint further alleges that CMI, in turn, agreed to report the mortgage loan to credit bureaus as settled". Accordingly, Schonberger paid $10,000 and executed a note in the amount of $32,619.96 payable to CMI. CMI, however, reported the loan as "charge off" and "charged off account". The complaint alleges: breach of contract (First Count); negligence (Second Count); libel (Third Count) and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et seq., (Fourth Count).
On December 14, 1999, CMI filed a motion to strike the Second, Third and Fourth Counts of the revised complaint as well as the prayers for relief numbered two, three, seven and eight. Specifically, CMI moves to strike the Second Count, alleging negligence, on the ground that CMI does not owe a duty to Schonberger. CMI moves to strike the Third Count, alleging libel based on an allegedly false comment on Schonberger's credit report, because it fails to state a cause of action under Connecticut law. Additionally, CMI asserts that Schonberger failed to plead special damages as required in a libel claim. CMI moves to strike the Fourth Count on the ground that a mere breach of contract does not form a sufficient basis for a CUTPA claim. CMI further argues that the facts, as alleged, do not rise to the requisite level of detrimental conduct required to support a CUTPA claim. Lastly, CMI moves to strike the second, third, seventh and eighth prayers for relief on the ground that Schonberger's complaint fails to allege a sufficient statutory or contractual basis for recovery of attorney's fees and costs.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "Practice Book . . . § CT Page 313210-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998).
CMI moves to strike the Second Count, alleging negligence, on the ground that CMI does not owe a duty to Schonberger. Schonberger counters that CMI agreed to report the status of the account as "settled" and, therefore, CMI owed him a duty to adequately report the status of his account.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384, 650 A.2d 153 (1994); see also Catz v. Rubenstein,201 Conn. 39, 44, 513 A.2d 98 (1986); Calderwood v. Bender,189 Conn. 580, 584, 457 A.2d 313 (1983). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Internal quotation marks omitted.) Petriello v. Kalman, 215 Conn. 377,382-83, 576 A.2d 474 (1990). "If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." RKConstructors, Inc. v. Fusco Corp. , supra, 231 Conn. 384-85.
The Second Count alleges that Schonberger and CMI "entered into a Compromise Sale Approval ("Agreement") whereby the parties agreed to a compromise sale of real property. . . ." (Complaint, Second Count, ¶ 5.) Pursuant to the agreement, CMI was "to report the status of [the] account . . . as `settled'." (Complaint, Second Count, ¶ 7.) The complaint further alleges that CMI "negligently breached its duty to the plaintiff by reporting the status of [the] account . . . as `CHARGE OFF' and `CHARGED OFF ACCOUNT,' and by its failure to report the status of [the] account . . . as settled." (Complaint, Second Count, ¶ 19.)
The Court concludes that Schonberger alleges a failure to perform the agreement as the basis for his negligence claim. [C]onstru[ing] the facts in the complaint most favorably to the plaintiff'; (internal quotation marks omitted) Faulkner v.United Technologies Corp. , supra, 240 Conn. 580; the Court concludes that the complaint discloses no relationship between CMI, a lender, and Schonberger, a borrower, on which to predicate a duty based in negligence. When the court determines "that a defendant owes no duty to a plaintiff, the plaintiff cannot CT Page 3133 recover in negligence from the defendant." RK Constructors, Inc.v. Fusco Corp. , supra, 231 Conn. 384-85. Accordingly, the Court grants CMI's motion to strike the Second Count.
CMI moves to strike the Third Count, alleging libel based on an allegedly false comment on Schonberger's credit report, on the ground that it fails to state a cause of action that is recognized in Connecticut. Additionally, CMI asserts that Schonberger failed to plead special damages as required in a libel claim. Schonberger argues in response that Connecticut recognizes a libel cause of action. Moreover, Schonberger asserts that he does not need to plead special damages because CMI published a statement that on its face injured Schonberger in his profession and, therefore, the count sets forth a libel per se claim.
"A libel per quod is not libelous on the face of the communication, but becomes libelous in light of extrinsic facts known by the recipient of the communication. . . . When a plaintiff brings an action in libel per quod, he must plead and prove actual damages in order to recover. . . . Libel per se, on the other hand, is a libel the defamatory meaning of which is apparent on the face of the statement and is actionable without proof of actual damages. . . . When the defamatory words are actionable per se, the law conclusively presumes the existence of injury to the plaintiffs reputation. . . . Whether a publication is libelous per se is a question for the court. . . . Whether a published article is libelous per se must be determined upon the face of the article itself. The statements contained therein, taking them in the sense in which common and reasonable minds would understand them, are determinative, and they may not for this purpose be varied or enlarged by innuendo. . . . Two of the general classes of libel which, it is generally recognized, are actionable per se are (1) libels charging crimes and (2) libels which injure a man in his profession and calling." (Citations omitted; internal quotation marks omitted.) Battista v. UnitedIlluminating Co., 10 Conn. App. 486, 491-92, 523 A.2d 1356, cert. denied, 204 Conn. 802, 803, 525 A.2d 1352 (1987).
The Third Count alleges that "the Defendant, by itself and its agents and servants, falsely and maliciously wrote and published falsehoods concerning the Plaintiff, specifically that his account with Citicorp Mortgage, Inc. had been `charged off'." (Complaint, Third Count, ¶ 25.) Applying the law to the facts of this case, the Court finds that CMI's statement identifying CT Page 3134 Schonberger's account with Citicorp Mortgage, Inc. as "charged off' does not constitute libel per se because the statement is not "a libel the defamatory meaning of which is apparent on the face of the statement." Battista v. United Illuminating Co., supra, 10 Conn. App. 491-92. Taking the above statement regarding Schonberger's account in the sense in which common and reasonable minds would understand it, and without enlarging it by innuendo; see Battista v. United Illuminating Co., supra, 492; the Court further concludes that the statement does not injure Schonberger in his profession and calling. Accordingly, the Court finds that the statement does not fall within the classes of libel generally recognized as actionable per se. See Battista v. United Illuminating Co., supra, 492.
The statement made by CMI can only be characterized as libel per quod. To prevail on an action in libel per quod, Schonberger "must plead and prove actual damages." Battista v. UnitedIlluminating Co., supra, 10 Conn. App. 491. The Court finds that Schonberger failed to plead special damages, and, accordingly, the Court grants CMI's motion to strike the Third Count.
CMI moves to strike the Fourth Count on the ground that a mere breach of contract does not form a sufficient basis for a CUTPA claim. Additionally, CMI asserts that the facts as alleged do not rise to the level of detrimental conduct required to support a CUTPA claim. Schonberger argues that his CUTPA claim arises from CMI's negligent conduct, libel and unfair practice rather than from a breach of contract.
"It is well settled that in determining whether a practice violates CUTPA [Connecticut has] adopted the criteria set out in the `cigarette rule' by the federal trade commission [FTC] for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons]." (Internal quotation marks omitted.) WillowSprings Condominium Assn., Inc. v. Seventh BRT Development Corp. ,245 Conn. 1, 43, 717 A.2d 77 (1998). "In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a trade or business." CT Page 3135 (Internal quotation marks omitted.) Pergament v. Green,32 Conn. App. 644, 655, 630 A.2d 615 (1993), cert. denied, 228 Conn. 903,634 A.2d 296 (1993); see General Statutes § 42-110b. Further, "[a] claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile Mills, Inc. v. Brown,Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786,797, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296
(1993).
The Fourth Count alleges that "[i]n the conduct of its trade, Defendant recklessly and falsely reported a derogatory rating and failed to report an accurate positive rating to the credit bureaus regarding the Plaintiffs account number . . . which constituted an unfair and deceptive act or practice within the meaning of C.G.S. 42-110b(a)." (Complaint, Fourth Count, ¶ 34.) This count further alleges that "[t]he conduct of the Defendant . . . constituted an unfair or deceptive act or practice within the meaning of C.G.S. 42-110b(a) in the conduct of the trade or commerce alleged in that said conduct violates public policy, is immoral, unethical or unscrupulous, and is substantially injurious to consumers, including the Plaintiff." (Complaint, Fourth Count, ¶ 40.) Moreover, the count alleges that the "conduct of the Defendant, as aforesaid, constituted an unfair method of competition within the meaning of C.G.S. 42-110b(a) in that although the consumer settled an outstanding account with the Defendant, the Defendant falsely published and reported such account as not settled, but rather as `charged off'." (Complaint, Fourth Count, ¶ 41.)
The Court finds that the Fourth Count does not satisfy the criteria set forth in the "cigarette rule"; see Willow SpringsCondominium Assn., Inc. v. Seventh BRT Development Corp. , supra.245 Conn. 43; and, therefore, Schonberger can not prevail on his CUTPA cause of action. Specifically, the complaint is devoid of any facts to support the allegation that CMI's conduct is immoral, unethical or unscrupulous. A "complaint [that] alleges mere conclusions of law that are unsupported by the facts alleged;" Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215; cannot withstand a motion to strike. Moreover, the Fourth Count alleges only one incident of inaccurate credit reporting by CMI. The complaint contains no allegations that CMI's conduct injured any consumers other than the Plaintiff. Consequently, the complaint also fails to allege that CMI's conduct causes substantial injuries to consumers. See CT Page 3136Willow Springs Condominium Assn., Inc. v. Seventh BRT DevelopmentConn., supra, 43. Accordingly, the court grants CMI's motion to strike the Fourth Count.
Lastly, CMI moves to strike the second, third, seventh and eighth prayers for relief on the grounds that the complaint fails to allege a sufficient statutory or contractual basis for recovery of attorney's fees and costs as required under Connecticut law. Schonberger asserts that CUTPA is a valid statutory basis for attorney's fees and costs. Since the Court is granting the motion to strike the Second, Third and Fourth Counts of the revised complaint, the motion to strike the corresponding prayers for actual and punitive damages along with reasonable attorney's fees and costs is also granted. Accordingly, the Court grants CMI's motion to strike the second, third, seventh and eighth prayers for relief.
David L. Fineberg Superior Court Judge