[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
Whether the plaintiff's motion to strike defendants, four special defenses, claim of set-off, and counterclaims should be granted.
Because the plaintiff's motion fails to set forth each claim of insufficiency and to specify the reason or reasons for each such claimed insufficiency, the plaintiff's motion to strike the defendants' four special defenses, claim of setoff, and counterclaims is denied. CT Page 1468
FACTS
By a third amended complaint filed August 31, 1993, the plaintiff, Shawmut Bank, N.A., initiated the present action seeking to collect the amount due pursuant to a commercial promissory note from the defendants Paul F. Machnik and Judith A. Machnik. On October 13, 1993, the defendants filed an answer, special defenses, claim for set-off, and a four count counterclaim.
On October 21, 1993, the plaintiff filed a motion to strike and an accompanying memorandum of law, arguing that defendants' special defenses, claim for set-off, and counterclaim are all legally insufficient.
On November 10, 1993, the defendants filed a memorandum of law in opposition to the plaintiffs' motion to strike, arguing: (1) that the motion is improper because the plaintiff waived its right to file a motion to strike when it filed a reply to the defendants' answer, special defenses, set-off and counterclaim; (2) the motion is fatally defective for failure to comply with Practice Book 154; (3) the motion is a sham pleading; (4) a motion to strike is improper because a factual dispute exists; (5) a set-off is proper; and (6) all counts of the defendants' counterclaim are proper.
DISCUSSION
A motion to strike is an appropriate vehicle by which to challenge the legal sufficiency of a pleading. Pratt v. Town of Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993).
Practice Book 154 provides as follows: "Each motion to strike raising any of the claims of legal insufficiency . . shall separately get forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each claimed insufficiency."
A trial court, when ruling on a motion to strike may consider only those grounds specifically enumerated in the motion and no others. Blancato v. Feldspar, 203 Conn. 34, 44,522 A.2d 1235 (1987); Meredith v. Police Comm'n, 182 Conn. 138,140-41, 438 A.2d 27 (1980). Where the motion fails to specify the distinct reasons for the claimed insufficiency of the pleadings in its motion, the motion is "fatally defective" CT Page 1469 under Practice Book 154 notwithstanding the inclusion of such reasons in its supporting memorandum. Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4, 594 A.2d 1 (1991); Morris v. Hartford Courant Co, 200 Conn. 676, 683 n. 5, 513 A.2d 66
(1986).
There is authority which has led some trial courts to overlook a party's full compliance with this requirement. See, e.g., Rowe v. Godue, 12 Conn. App. 538, 532 A.2d 978
(1987), rev'd on other grounds, 209 Conn. 273, 550 A.2d 1073
(1988) (court holding that defendant's supporting memorandum sufficiently apprised the court of the reasons for the claimed insufficiency of the complaint). Where, however, the opposing party files an objection to the form of a motion, the court may not waive compliance with Practice Book 154. Bouchard v. People's Bank, supra, 468 n. 4; Berdon v. Chicago Title Insurance Company, 5 Conn. L. Rptr. 205 (January 13, 1992, Reilly, J.).
The plaintiff's motion simply requests that it be granted for reasons set forth in the attached memorandum of law. Absent from the motion is each claim of insufficiency upon which the plaintiff relies and the specific and distinct reason or reasons for each claim. See Practice Book 154.
Accordingly, because the defendant has objected to the form of the plaintiff's motion, the plaintiff's motion to strike the defendants' four special defenses, claim of set-off, and counterclaims is denied.
Hurley, J.