[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Reid, Cafero Corsello for plaintiff.
Simko Elstein for defendants.
In this action the plaintiff, 1800 Investors, seeks damages from the defendants, Bruce Elstein and the law firm of Elstein 
Simko, for the wrongful attachment and garnishment of a mortgage owned by plaintiff. According to plaintiff, Matteo Young, not a party to this action, assigned to plaintiff a mortgage on real property owned by Ramberto and Maria Villegas ("The Villegases"). The defendants were attempting to collect a debt owed by Young to defendants' client, Fairfield Lumber and Supply Company ("Fairfield Lumber"), also not a party to this action. The plaintiff alleges that defendants directed the Villegases to make payments to defendants as trustees from approximately May, 1990 to September, 1990 when the Villegases filed for protection under the United States Bankruptcy Code. The plaintiff claims that in the fall of 1990, it notified defendants of the wrongful attachment, but despite negotiations and ultimately a lawsuit against Fairfield Lumber, defendants refused to tender the collected sums to plaintiff and continued to accept, cash, and deposit the Villegases' checks. In the fall of 1992, Fairfield Lumber filed for protection under the United States Bankruptcy Code. Plaintiff commenced this action against defendants in July, 1993, wherein it alleges: (i) conversion, (ii) negligence, (iii) continuing conversion, (iv) breach of fiduciary duty and (v) violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a etseq. ("CUTPA").
Defendants have now filed a motion (#124) to strike on the grounds that plaintiff has failed to state a claim upon which relief CT Page 6851 may be granted and that necessary parties, i.e., Fairfield Lumber and the Villegases are absent. "The purpose of a notion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" (Citations omitted.) Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988); Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93,463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34,36, 552 A.2d 1235 (1987). "`The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.)Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980).
The defendants argue that plaintiff has not sufficiently alleged a cause of action for conversion, since rather than alleging that defendants asserted an ownership interest over the money collected, plaintiff alleges that the sums were collected on behalf of Fairfield Lumber, defendants' client. The defendants also argue that they owed no duty to plaintiff, an opponent in litigation; that plaintiff does not allege dishonesty, malice or prior knowledge of plaintiff's ownership interest on the part of the defendants; that a trust was never created for plaintiff's benefit; and that proximate cause has not been sufficiently alleged. Finally, the defendants claim that the Villegases and Fairfield Lumber are necessary parties to this action.
In response, plaintiff argues that its conversion counts are sufficient because it is alleged that the Villegases' payments were made to defendants, regardless of whether they were on behalf of Fairfield Lumber. The plaintiff claims that it is also alleged that defendants knew of plaintiff's ownership interest in the mortgage, since a chain of title had been established. Plaintiff claims that a constructive trust existed as a result of defendants' exercise of dominion over plaintiff's property and refusing to return the funds to plaintiff, giving rise to a fiduciary duty which was breached by defendants.
I. Whether plaintiff's complaint is legally sufficient
CT Page 6852
A. Counts one and three — Conversion
"Conversion occurs when one, without authorization, assumes and exercises the right of ownership over property belonging to another, to the exclusion of the owner's rights." (Citation omitted; internal quotation omitted.) Luciani v. Stop Shop Companies,Inc., 15 Conn. App. 407, 409, 544 A.2d 1238 (1988). In count one of its revised complaint, dated October 26, 1993, plaintiff alleges that on February 24, 1988, it was the sole owner of the Villegases' mortgage and that an assignment of the mortgage to plaintiff was recorded in the Norwalk Land Records that same date. Plaintiff also alleges that sometime after January, 1989, defendants "directed Villegas to make all further payments due under said mortgage to the defendant [Elstein], and thereby converted all payments made by Villegas thereafter to their or their client's own use." (Revised Complaint, p. 3). Plaintiff also claims that defendants gave no notice to plaintiff of the purported attachment and garnishment of the mortgage. In count three, plaintiff alleges that defendants knew that neither they nor their client had any right, title or interest in the funds collected.
For purposes of a motion to strike, plaintiff has sufficiently stated a conversion claim. Whether the funds were retained by defendants or given to Fairfield Lumber, plaintiff alleges that Elstein directed the Villegases to send the mortgage payments to him. "In judging a motion to strike . . . `it is of no moment that the [party] may not be able to prove [his] allegations at trial.'" (Citations omitted.) Levine v. Bess Paul Sigel Hebrew Academy ofGreater Hartford, Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679
(1983). The motion to strike counts one and three is therefore denied.
B. Count two — Negligence
To sustain a cause of action for negligence, the court must determine whether the defendant owed a duty to the plaintiff.Shore v. Stonington, 187 Conn. 147, 151, 444 A.2d 1379 (1982). Only if such a duty exists is the issue of whether defendant violated that duty in the particular situation at hand addressed. Id., 151-52. In count two of the revised complaint, plaintiff realleges paragraphs one through fifteen of count one, which describes the events leading to this cause of action, and then lists seven ways in which defendants were negligent. There is, however, no mention of a duty owed to plaintiff by defendants. Plaintiff has not alleged a legally sufficient negligence claim and the motion to strike as to CT Page 6853 count two is granted.
C. Count four — breach of fiduciary duty
In count four, plaintiff alleges that as a result of defendants' actions, i.e., holding the collected funds to which they knew neither they nor their client were entitled, they entered into a fiduciary relationship for the benefit of plaintiff. The plaintiff also alleges that defendants breached this fiduciary relationship by refusing to remit the funds to plaintiff and by dispersing the corpus of the trust to Fairfield Lumber, who had no title or interest in the funds.
A fiduciary relationship is characterized by "a justifiable trust confided on one side and a resulting superiority and influence on the other." (Citation omitted.) Dunham v. Dunham, 204 Conn. 303,320, 528 A.2d 1123 (1987). "The elements of a constructive trust are the intent by a grantor to benefit a third person, the transfer of property to another who stands in a confidential relationship to the grantor with the intent that the transferee will transfer the property to the third person, and the unjust enrichment of the transferee if the transferee is allowed to keep the property."Gulack v. Gulack, 30 Conn. App. 305, 310, 620 A.2d 181 (1993).
Neither a fiduciary relationship nor a constructive trust has been properly alleged. The complaint lacks allegations of a confidential relationship between plaintiff and defendants, as well as a reason for a justifiable trust of the defendants by plaintiff. The plaintiff also does not allege that defendants had intended to transfer the property to plaintiff. Accordingly, the motion to strike as to count four is granted.
D. Count five — CUTPA violations
"General Statutes § 42-110b provides in part that `[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.'"Vezina v. Nautilus Pools, Inc., 27 Conn. App. 810, 818,610 A.2d 1312 (1992). The Supreme Court has concluded that "CUTPA applies to the conduct of attorneys." Heslin v. ConnecticutLaw Clinic of Trantolo Trantolo, 190 Conn. 510, 521,461 A.2d 938 (1983). The following criteria are to be employed in determining whether a practice violates CUTPA:
(1) [W]hether the practice, without necessarily having been CT Page 6854 previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen].
(Citations and internal quotations omitted.) Vezina v. Nautilus, supra, 818-19.
In count five, plaintiff realleges paragraphs one through twenty-one of count four and alleges that such conduct constitutes CUTPA violations in that defendants' actions were unfair or deceptive acts or practices within the conduct of trade or business. Insofar as plaintiff alleges that defendants knew that neither they nor their client had a right to the funds collected but nevertheless continued to accept the funds, plaintiff alleges conduct which may have offended public policy, been unfair or unscrupulous, and caused plaintiff injury. In viewing the allegations in the light most favorable to the plaintiff, as is required on a motion to strike, a legally sufficient cause of action under CUTPA has been stated. Accordingly, the motion to strike count five is denied.
II. Whether the Villegases and Fairfield Lumber are necessaryparties
The Supreme Court has held that:
 [n]ecessary parties . . . have been described as `[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties.'
(Citation omitted.) Sturman v. Socha, 191 Conn. 1, 16,463 A.2d 527 (1983); Biro v. Hill, 214 Conn. 1, 5-6, 570 A.2d 182 (1990). A party is necessary if its participation as a party is "required in order to assure a fair and equitable trial." Biro v. Hill, supra, 6. CT Page 6855
The allegations of liability in plaintiff's complaint are solely directed against the defendants. The complaint alleges that defendants' conduct was wrongful, rather than the conduct of Fairfield Lumber and the Villegases. Specifically, plaintiff alleges that defendants failed to discover plaintiff's ownership of the Villegases' mortgage, despite the fact that it was recorded in the chain of title, and that even after defendants had actual notice of plaintiff's ownership interest, they continued to collect and retain the funds. Furthermore, insofar as Fairfield Lumber and the Villegases have both filed for protection under the United States Bankruptcy Code, this court may not be able to assert jurisdiction over them in any event. Neither Fairfield Lumber nor the Villegases are necessary parties in this action and the motion to strike the complaint for failure to join such parties is denied.
LEWIS, JUDGE.