[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#107)
The plaintiffs, John D. Kuhns and Kuhns Vineyards, Inc., commenced this action against the defendants, Brown, Jacobson, Tillinghast, Lahan King, P.C., a professional corporation engaged in the practice of law, and Milton L. Jacobson, a licensed attorney who is a shareholder of that corporation, to recover damages incurred as the result of a failed real estate transaction. The plaintiffs filed a revised complaint in three counts alleging the following facts.
In July 1984, the defendants were legal counsel to Hugh P. and Susan H. Connell in connection with a loan from the Washington Trust Company to the Connells. This loan was secured by a mortgage conveying to Washington Trust a mortgage interest in real estate in North Stonington, Connecticut. This mortgage was not recorded in the land records until December 11, 1991.
In July 1991, the defendants once again represented the Connells and also Crosswood Vineyards. On this occasion the defendants represented the Connells and Crosswood Vineyards in connection with a real estate contract and asset purchase agreement, by which the plaintiffs were to purchase the real estate in North Stonington, and the business and assets comprising Crosswoods Vineyards, which includes a winery and equipment.
In connection with the negotiation of these agreements, the defendants represented to the plaintiffs and their attorneys the names of the general creditors of Crosswoods Vineyards, and also that the property in North Stonington was free and clear of all liens and encumbrances except for a mortgage in favor of People's Bank. The plaintiffs allege that the defendants knew of the existence of the mortgage in favor of Washington Trust, but failed to disclose it.
The first count of the complaint alleges that the defendants actions constituted misrepresentation. This count is not subject to this motion to strike. The second count incorporates most of CT Page 1264 the allegations of the first and additionally alleges that the defendants were negligent by failing to ascertain the status of the Washington Trust loan and mortgage, and by failing to disclose the existence of the Washington Trust mortgage to the plaintiffs. The third count also incorporates most of the allegations of the first count and alleges additionally that the defendants actions constituted a violation of the Connecticut Unfair Trade Practices Act [CUTPA].
The defendants now move to strike the second and third counts of the complaint for failing to state legally sufficient causes of action. The defendants attached a memorandum of law to their motion. The plaintiffs timely filed a memorandum in opposition.
The function of a motion to strike "is to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "The motion to strike, like the demurrer, admits all facts well pleaded." Id. "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985).
A motion to strike shall separately set forth each claim of insufficiency and shall distinctly specify the reason or reasons for each claimed insufficiency. Practice Book Sec. 154. A motion to strike also shall be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies. Id., Sec. 155. The requirement that a motion to strike be accompanied by a memorandum of law does not dispense with the requirements of Section 154 that the reasons for the claimed pleading deficiency be specified in the motion itself. Blancato v. Feldspar,203 Conn. 34, 44, 522 A.2d 1235 (1987). In the defendants' motion to strike, they state that their motion is premised on the failure of the second and third counts to state a legally sufficient cause of action in negligence and CUTPA, respectively. The motion, however, does not specify the grounds for the claimed insufficiency. The defendants argue in their supporting memorandum of law that the second count should be stricken because the plaintiffs have not and cannot allege that the defendants owed them a duty. They also argue in their memorandum that the third count should be stricken because a CUTPA claim does CT Page 1265 not apply to allegations against attorneys who had represented a current plaintiffs' opponents in a prior action.
"A trial court, when ruling on a motion to strike may consider only those grounds specifically enumerated in the motion and no others."Connecticut National Bank v. Machnik, 11 CONN. L. RPTR. 58,9 CSCR 295 (February 9, 1994) (Hurley, J.), citing Blancato v. Feldspar,
supra, 203 Conn. 44. When the motion fails to specify the distinct reasons for the claimed insufficiency of the pleadings in its motion, the motion is "fatally defective" under Practice Book Sec. 154, notwithstanding the inclusion of such reasons in its supporting memorandum. Bouchard v. People's Bank, 219 Conn. 465,468 n. 4, 594 A.2d 1 (1991). The court, however, may consider a motion that fails to specify the reason for the deficiency when no objection has been raised to the form of the motion. Rosen v.Reale, 9 CSCR 176 (January 13, 1994) (Hurley, J.); Pointer v.DiBona, 6 CONN. L. RPTR. 422, 7 CSCR 707 (May 14, 1992, Austin, J.). Since the plaintiffs have not objected to the form of the defendants' motion, the court will consider the grounds stated in the defendants' memorandum of law.
 I
In their memorandum of law, the defendants argue that they did not owe a duty to the plaintiffs and therefore cannot be liable to the plaintiffs for negligence. The defendants contend that they are not liable to the plaintiffs under the general rule that attorneys are not liable to persons other than their clients for the negligent rendering of legal services. Additionally, the defendants contend that they do not fall within the exception to the general rule. Finally, they assert that the plaintiffs have not and cannot allege that they owed an independent duty to the plaintiffs.
The plaintiffs argue in their memorandum in opposition that the purpose of the defendants' advice was for all the parties to the transaction, not merely the defendants' clients. They assert that their complaint sufficiently alleges an exception to the general rule since all parties to the real estate transaction were to benefit from the advice of the defendants, and the defendants understood this.
The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. Catz v. Rubenstein, 201 Conn. 39, 44, 513 A.2d 98 (1986); CT Page 1266Calderwood v. Bender, 189 Conn. 580, 584, 457 A.2d 313 (1983); W. Prosser W. Keeton, Torts (5th Ed. 1984) 30, pp. 164-65. "The existence of a duty is a question of law and `[o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand.'"Petriello v. Kalman, 215 Conn. 377, 382-83, 576 A.2d 474 (1990). If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant. RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, ___ A.2d ___ (1994).
The second count of the plaintiff's revised complaint incorporates the allegations of the first eleven paragraphs of the first count, thereby describing the events leading to this cause of action. It alleges additionally that the defendant was negligent in failing to ascertain the status of the Washington Trust mortgage, and in failing to disclose its existence. The second count also alleges that this negligence caused the plaintiff damages. "There is, however, no mention of a duty owed to the plaintiff by the defendants." 1800 Investors v. Elstein,9 CSCR 844, 845 (July 21, 1994) (Lewis, J.). To sufficiently allege a cause of action in negligence, the plaintiffs must allege that the defendants owed a duty to ascertain the status of the Washington Trust loan and mortgage, and disclose the existence of the mortgage. On its face, the second count is legally insufficient because it fails to allege any duty owed by the defendant to the plaintiff, and the defendants' motion to strike, therefore, is granted.
Furthermore, as a general rule, "attorneys are not liable to persons other than their clients for the negligent rendering of services." Krawczyk v. Stingle, 208 Conn. 239, 245, 543 A.2d 733
(1988). An exception to this general rule exists when a plaintiff demonstrates "that he or she was the intended or foreseeable beneficiary of the attorney's services." Id. The determination of whether an attorney should be liable to a party with whom they are not in privity is a matter of public policy. Id., 245. "Courts have refrained from imposing liability when such liability had the potential of interfering with the ethical obligations owed by an attorney to his or her client." Id., 245-46.
In Krawczyk, the court concluded "that the imposition of liability to third parties for negligent delay in the execution of estate planning documents would not comport with a lawyer's undivided loyalty to the client." Krawczyk v. Stingle, supra, CT Page 1267208 Conn. 246. The court explained that "[a] central dimension of the attorney client relationship is the attorney's duty of `[e]ntire devotion to the interest of the client.'" Id. Similarly, the court has concluded that "[p]roviding a private cause of action under CUTPA to a supposedly aggrieved party for the action's of his or her opponent's attorney would stand the attorney-client relationship on its head and would compromise an attorney's duty of undivided loyalty to his or her client and thwart the exercise of the attorney's independent professional judgment on his or her client's behalf." Jackson v. R.G. Whipple, Inc., 225 Conn. 705,727, 627 A.2d 374 (1993).
"Our courts have also noted the chilling affect of allowing a third party to intrude into an attorney's primary duty of loyalty to the client." Mozzochi v. Beck, 204 Conn. 490, 501, 529 A.2d 171
(1987). Moreover, a violation of the rules of professional conduct does not in itself give rise to a cause of action. Noble v.Marshall, 23 Conn. App. 227, 229, 579 A.2d 594 (1990). The only situation in which the Connecticut Supreme Court has held that an attorney may be liable to a third party is when the plaintiff shows he or she was an intended non-client beneficiary of a will drafted by an attorney which did not carry out the testator's intent. SeeStowe v. Smith, 184 Conn. 194, 441 A.2d 81 (1981). The situations in which an attorney may be liable to third parties for the negligent rendering of services are very limited in Connecticut.
The revised complaint contains no allegations that the plaintiffs were the intended or foreseeable beneficiaries of the defendants' services. The revised complaint alleges that the defendants' representations were made to the plaintiffs "and their attorneys" indicating that the plaintiffs were represented by attorneys during the negotiations that are at the center of the revised complaint. There are no allegations that the negotiations were not at arms length, and the fact that the plaintiffs were also represented by attorneys indicates that the plaintiffs' interests were represented. There are no allegations that there was any agreement or understanding that the defendants were to provide legal services for anyone other than their clients, the Connells. Additionally, there are no allegations that the representations made by the defendants were anything more than representations made in connection with negotiations. There is no allegation, for example, that they were made as part of a legal opinion letter, or as part of a title opinion for the plaintiffs, where it would be more apparent that third parties are the intended or foreseeable beneficiaries of the attorney's services. See Terremar, Inc. v.CT Page 1268Ginsberg Ginsberg, 3 CONN. L. RPTR. 820, 6 CSCR 438 (August 5, 1991, Dorsey, J.). The revised complaint fails to show that the plaintiffs were the intended or foreseeable beneficiaries of the defendants' services when they themselves were represented by attorneys, and where there are no further allegations that the defendants' assumed a role beyond that of representing their clients.
Moreover, the concerns that lead the court in Krawczyk andJackson to refuse to extend an attorney's liability to third parties are equally applicable to this case. Establishing a duty of care to other parties in the negotiation of transactions such as those presently alleged, where the other parties are represented by their own attorneys, would place an undue burden on the profession.Krawczyk v. Stingle, supra, 208 Conn. 246. Instead of devoting their entire energies to the interest of the client, attorneys would be preoccupied and concerned with the possibility of claims for mere negligence. This preoccupation would prevent attorneys from devoting their entire energies to the client's interests. In a situation such as that alleged in the complaint, where attorneys are negotiating with parties also represented by attorneys, the independence of the attorney's professional judgment and his undivided loyalty to the client are of extreme importance. Extending liability to the present situation would interfere with these significant ethical obligations.
In the present action, the plaintiffs do not allege any duty owed by the defendants to disclose the unrecorded instruments in question or to ascertain their status. Furthermore, the facts alleged fail to allege the exception to the general rule that attorneys are not liable to persons other than their clients for the negligent rendering of legal services. For these reasons, the defendants' motion to strike the second count of the complaint is granted.
 II
The defendants also argue that the court should strike the third count of the plaintiffs' complaint, alleging a violation of CUTPA, because it is legally insufficient. The defendants' argument rests on Jackson v. R.G. Whipple, Inc., supra,225 Conn. 705, in which the Connecticut Supreme Court held that CUTPA does not provide a cause of action against attorneys who represented a plaintiff's adversary in a prior action. The defendants assert that imposing liability under CUTPA on attorneys in such situations would conflict with the lawyer's duty of undivided loyalty to his CT Page 1269 or her client.
The plaintiffs argue that the defendants' reliance on Jackson
is misplaced because that case involved an attorney who represented a third party in an action against the plaintiff. In the present case, the plaintiffs contend that the parties were not engaged in the adversarial process, and the plaintiff's statements were made for the benefit of all parties of the transaction.
"CUTPA is textually inconclusive on the question of whether the practice of law is included within the conduct of trade or commerce." Heslin v. Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510, 517, A.2d (1983). Nevertheless, since "the conduct of any trade or commerce" does not exclude all conduct of the profession of law, the Connecticut Supreme Court has held that CUTPA may apply to the conduct of attorneys. Id., 520-21. Although attorneys may be potentially liable for CUTPA violations, the court's decision in Heslin "does not mean that every claimant who alleges attorney misconduct states a cause of action under the act. . . ." Ivey, Barnum O'Mara v. Indian Harbor Properties,Inc., 190 Conn. 528, 532, A.2d (1983).
In Jackson v. R.G. Whipple, supra, the court addressed the question of whether CUTPA provided a private cause of action for an aggrieved party against the attorney representing an opposing party. The court held that "[i]mposing liability under CUTPA on attorneys for their representation of a party opponent in litigation would not comport with a lawyer's duty of undivided loyalty to his or her client." Jackson v. R.G. Whipple, supra,225 Conn. 729.
The plaintiffs contend that the Jackson decision should be limited to its facts, which involved the adversarial setting of litigation. Since the allegations of the revised complaint do not allege an adversarial proceeding, the plaintiffs contend theJackson decision does not control this case. It is correct that the facts of Jackson concerned litigation between party opponents and that the revised complaint alleges a distinct factual scenario. The plaintiffs description of the transactions alleged in the revised complaint as non-adversarial may not be accurate, as at least one commentator has noted that "[t]ransactions involving contractual negotiations do involve parties with adverse interests." Mallen and Smith, Legal Malpractice (3d ed. 1989) Sec. 7.11, p. 386 (stating that a "growing number of courts have rejected the contention that either a seller's, buyer's, or CT Page 1270 mortgagor's attorney owes a duty to another party, noting that, unlike a will which involves one `side,' a sales transaction involves two sides with adverse interests.). The test for imposing liability, however, does not depend necessarily on the adversarial nature of the proceeding or transaction, but instead is a question of public policy. Jackson v. R.G. Whipple, Inc., supra, 727. Thus, the consideration of the potential interference with the ethical obligations of the practice of law is important in determining an attorney's liability to third parties under CUTPA. Id., 727-29.
Imposing liability under CUTPA for the allegations of the revised complaint would "compromise an attorney's duty of undivided loyalty to his or her client and thwart the exercise of the attorney's independent professional judgment on his or her client's behalf." Id., 727. As stated earlier, in a situation such as the one alleged, where both sides to the negotiation of a transaction are represented by attorneys, and where there are no allegations the defendants assumed a role beyond that of representing their clients, the extension of liability would interfere with these important ethical obligations.
In the context of CUTPA, it must also be recognized that not all allegations of attorney misconduct were intended to provide a cause of action under the act. Ivey, Barnum O'Mara v. IndianHarbor Properties, Inc., supra, 190 Conn. 532. Furthermore, there remains a question as to whether CUTPA applies to the "noncommercial" aspects of the legal profession, "that is, the representation of the client in a legal capacity." Jackson v. R.G.Whipple, Inc., supra, 225 Conn. 731 (Berdon, J., concurring). The Supreme Court in Jackson noted that under the state of Washington's consumer protection act a distinction has been made between the commercial and noncommercial aspects of lawyering; and that based upon such a distinction, that consumer protection statute was not applied to the noncommercial aspects of lawyering. Id., 726 n. 15. The court refused to address that question under the facts of the case; id.; though Justice Berdon's concurring opinion stated that "[t]he noncommercial aspects of lawyering — that is, the representation of the client in a legal capacity — should be excluded [from CUTPA liability] for public policy reasons." Id., 731 (Berdon, J., concurring). While the question remains unanswered in Connecticut, CUTPA's applicability to the noncommercial aspects of lawyering is certainly questionable.
The important policy considerations of an attorney's duty of CT Page 1271 undivided loyalty to the client and the exercise of the attorney's independent professional judgment on the client's behalf are implicated in the third count of the plaintiffs' complaint. These policy considerations, coupled with the fact that not every claim of attorney misconduct states a cause of action under CUTPA, and the uncertainty of the act's applicability to the noncommercial aspects of the legal profession, prevent the third count from stating a legally sufficient cause of action under CUTPA. The defendants' motion to strike the third count of the complaint, therefore, is granted.
For these reasons, the motion to strike the second and third counts of the revised complaint is granted.