[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONDEFENDANTS' MOTION TO STRIKE DATED OCTOBER 2, 1996
On September 17, 1996, Rebound Physical Therapy Sports Rehabilitation Assoc., P.C., ("Rebound") filed a five count, revised complaint against Richard Jackman and Physical Therapy Services of Waterbury, P.C. ("Physical Therapy Services"). In this pleading Rebound alleges the following facts.
The Rebound and the Physical Therapy Services are both Connecticut corporations, in the business of providing physical therapy and injury rehabilitative services to individuals in the greater Waterbury area. The defendant Jackman is the president of Physical Therapy Services. On or about December 31, 1993, the two corporations entered into a written contract entitled Agreement for Purchase and Sale, under which Rebound agreed to purchase the assets of Physical Therapy Services for $350,000.00. A copy of this contract is attached to the complaint. Rebound alleges that Jackman, in order to induce it into purchasing the assets at this price, made certain representations to Roland J. Perreault, Rebound's president, regarding the amount of annual income generated by Physical Therapy Services, and the amount of account receivables at the time the parties signed the contract. According to Rebound, the representations were untrue, and inflated by inclusion in these figures of payments received from insurance companies for canceled and missed appointments.
The first three counts of the revised complaint are directed solely against Jackman, for reckless misrepresentation, negligent misrepresentation and intentional misrepresentation. The fourth count is directed solely at Physical Therapy Services for breach of contract. In the fifth count, directed at both defendants, Rebound incorporates the allegations of count one and further alleges that such conduct constitutes a violation of the Connecticut Unfair Trade Practice Act ("CUTPA").
On October 3, 1996, the defendants filed this motion to CT Page 6572 strike, and argue that the Agreement between the parties itself legally bars the plaintiff's causes of action.
 II.
"The function of a motion to strike is to test the legal sufficiency of a pleading. . . . See Practice Book § 152."Napoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 232 (1996). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied."Waters v. Autuori, 236 Conn. 820, 826 (1996).
The defendants move to strike the revised complaint on the ground that the allegations set forth in it are inconsistent with certain terms of the Agreement of Purchase and Sale, thereby defeating a cause of action against the defendants. Specifically, the defendants contend that paragraphs 8 and 11 of the Agreement of Purchase and Sale, attached to the complaint as Exhibit A, incorporate the rule of "caveat emptor" into the Agreement, thereby relieving the defendants of any responsibility regarding any representations made concerning the assets of the defendant corporation. On the other hand, Rebound claims it has alleged sufficient facts to support its claims, and moreover, that the defendants' "caveat emptor" argument is more appropriately raised as a special defense, not in a motion to strike.
When a copy of a contract is attached to the complaint, the court can consider the contract as "part of" the complaint for purposes of a motion to strike. Practice Book § 141; Hossanv. Hudiakoff, 178 Conn. 381, 382 (1979); Redmond v. Matthies,149 Conn. 423, 426 (1962); Utley v. Nolan, 134 Conn. 376, 377 (1948). This court, therefore, will look to the Agreement as part of the complaint in ruling on this motion to strike.
When a contract provision is unambiguous, "the determination of what the parties intended by their contractual commitments is a question of law." Levine v. Massey, 232 Conn. 272, 277-78
(1995). "When, however, a contract provision is ambiguous . . . a question of fact is involved." Bank of Boston Connecticut v. AvonMeadow Associates, 40 Conn. App. 536, 540, cert. denied,237 Conn. 905 (1996).
Paragraphs 8 and 11 of the Agreement of Purchase and Sale provide in relevant part: CT Page 6573
 8. Representations and Warranties of the Buyer. The Buyer hereby represents and warrants that:
 (c) Buyer has formed its own opinion as to the value of Seller's Assets being purchased hereunder. . . . The parties acknowledge the Buyer has inspected such Assets to the full extent of buyer's desire, and the Seller has given Buyer ample opportunity to conduct such inspections. Seller's Assets being purchased hereunder, except as expressly warranted or represented herein, are purchased "As Is" and "With All Faults."
 11. Accounts Receivable. Included in the sale are all accounts receivable owned by Seller and due and payable to Seller as of the date of closing. Seller believes all accounts to be collectible, but makes no representation or warranty as to actual collectibility. Seller will use its best efforts to assist Buyer in collecting all accounts subsequent to date of closing.
In its revised complaint, Rebound alleges that the defendants' alleged misrepresentations relate to the amount of annual income generated and to the amount of account receivables. (Revised Complaint, Counts 1-5, ¶¶ 8, 9). Neither the eighth or eleventh paragraph of the Agreement refer to income. Whether such income was intended to be an Asset or an Account Receivable under the contract is, therefore, unclear. A determination of this issue would require the trier to construe the Agreement in light of the surrounding circumstances and the intention of the parties. See, e.g., Horowitz v. Cottle, Superior Court, judicial district of New Haven, Docket No. 044378 (July 2, 1992, Vertefeuille, J.). Such an inquiry would require the court to look beyond the pleadings, an impermissible inquiry when ruling on a motion to strike. See Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348 (1990).
The defendants also argue that Rebound fails to allege any particular violation of public policy upon which its CUTPA claim is predicated. This argument is discussed only in the defendants' memorandum of law, and is not specified in its motion. The motion itself does not set forth this ground in regard to the Rebound's CUTPA count.
A motion to strike "shall separately set forth each such CT Page 6574 claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." Practice Book § 154. "A trial court, when ruling on a motion to strike may consider only those grounds specifically enumerated in the motion and no others." Connecticut National Bank v. Machnik, Superior Court, judicial district of New London, Docket No. 534362 (February 9, 1994, Hurley, J., 9 CSCR 295), citing Blancato v.Feldspar, 203 Conn. 34, 44 (1987). Practice Book § 155's requirement of a memorandum of law "does not dispense with the requirement of § 154 that the reasons for the claimed pleading deficiency be specified in the motion itself." Blancatov. Feldspar Corp., supra, 203 Conn. 36-37 n. 3. When the motion itself fails to specify the distinct reasons for the claimed insufficiency of the complaint, it is "`fatally defective' under Practice Book § 154 notwithstanding the defendant's inclusion of such reasons in its supporting memorandum." Bouchard v.People's Bank, 219 Conn. 465, 468 n. 4 (1991).
The court recognizes that when no objection is raised as to the motion's form, consideration may still be given to a procedurally infirm motion by looking to the grounds set forth in the movant's supporting memorandum. Muniz v. Kravis, Superior Court, judicial district of Litchfield, Docket No. 065789 (September 6, 1995, Pickett, J.). However, here, the defendants' memorandum refers us to no legal authority in support of their position and thus it, too, is infirm. Dorsey v. Mancuso,23 Conn. App. 629, 633 (1990), cert. denied, 217 Conn. 809 (1991).
Since the defendants motion and supporting memorandum are procedurally infirm, this court declines to accept the CUTPA issue submitted for decision. Practice Book §§ 154-155;Connecticut Savings Bank v. Moose Meadow Development, Inc., Superior Court judicial district of Tolland at Rockville, Docket No. 46757 (October 1, 1991, Dunn, J.).
The motion to strike is denied.
An order may enter accordingly.
WILLIAM PATRICK MURRAY, J. A Judge of the Superior Court CT Page 6575